# EXHIBIT B

Leeds Disston, Esq. SBN 045016
CASALINA & DISSTON
409 13th Street, 9th Floor
Oakland, CA 94612
(510) 835-8110 Tele
(510) 835-8113 Fax
E-Mail

Attorneys for Defendants
Thomas M. Henderson, Michael R. Henderson,
Matthew T. Henderson and San Francisco
Regional Center, LLC

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| ALLAN YOUNG, an individual, | Case No.: RG-15-778891 |
| Plaintiff, | |
| vs. | ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT |
| THOMAS M. HENDERSON, et al., | |
| Defendants, | |
| -and- | ASSIGNED FOR ALL PURPOSES JUDGE: HONORABLE JULIA SPAIN DEPT: 19 |
| CALLSOCKET, LLC et al., | |
| | COMPLAINT FILED: 7/22/2015 TRIAL DATE: 8/4/2017 |
| Nominal Defendants. | |

Come now defendants THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, and SAN FRANCISCO REGIONAL CENTER, LLC and, answering the verified second amended complaint of plaintiff ALLAN YOUNG, admit, deny, and allege as follows:

---

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 1

1.  Answering paragraph 1 of plaintiff's second amended complaint, defendants deny on information and belief that plaintiff owns a substantial interest in each of the CallSocket LLCs and that as an owner of the CallSocket LLCs plaintiff has a substantial interest in the revenues and profits of the CallSocket LPs.

2.  Answering paragraph 2 of the second amended complaint, defendants deny each and every allegation thereof.

3.  Answering paragraph 3 of the second amended complaint, defendants deny each and every allegation thereof.

4.  Answering paragraph 4 of the second amended complaint, defendants deny each and every allegation thereof.

5.  Answering paragraph 5 of the second amended complaint, defendants deny each and every allegation thereof.

6.  Defendants have no information or belief sufficient to enable them to answer paragraph 6 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof.

7.  Defendants have no information or belief sufficient to enable them to answer paragraph 7 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof.

8.  Defendants admit the allegations of paragraph 8 of the second amended complaint.

9.  Defendants have no information or belief sufficient to enable them to answer paragraph 9 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof, except that they admit that Max Shapiro has a 5% ownership interest in CallSocket LLC.

10. Defendants admit the allegations of paragraph 10 of the second amended complaint.

11. Answering paragraph 11 of the second amended complaint, defendants deny each and every allegation thereof.

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 2

Case: 16-42823    Doc# 35-2    Filed: 10/14/16    Entered: 10/14/16 16:18:40    Page 3 of 24

12. Answering paragraph 12 of the second amended complaint, defendants admit that defendant SFRC is a member and manager of CallSocket II, LLC, and with this exception deny each and every allegation contained therein.

13. Defendants deny on information and belief each and every allegation of paragraph 13 of the second amended complaint herein.

14. Answering paragraph 14 of the second amended complaint, defendants deny each and every allegation thereof.

15. Answering paragraph 15 of the second amended complaint, defendants admit that defendant SFRC is a member and manager of CallSocket II, LLC, and with this exception deny each and every allegation contained therein.

16. Answering paragraph 16 of the second amended complaint, defendants deny each and every allegation thereof.

17. Answering paragraph 17 of the second amended complaint, defendants admit that CallSocket III, LLC was formed in February 2014 and that plaintiff is identified as a managing director of CallSocket III, LLC in the business plan provided to potential limited partner investors. Defendants have no information or belief sufficient to enable them to answer the remaining allegations of paragraphs 17, and placing their denial on that ground, deny each and every allegation thereof.

18. Answering paragraph 18 of the second amended complaint, defendants deny each and every allegation thereof.

19. Answering paragraph 19 of the second amended complaint, defendants deny each and every allegation thereof.

20. Answering paragraph 20 of the second amended complaint, defendants admit that plaintiff signed declarations that were provided to the USCIS and that plaintiff was referred to in the CallSocket offering documents, news articles and press releases as a partner, founder, and director, and with this exception deny each and every allegation contained therein.

21. Defendants admit the allegations of paragraph 21 of the second amended complaint except that they deny that defendant Henderson and defendant SFRC are alter egos of one another.

22. Defendants admit the allegations of paragraph 22 of the second amended complaint.

23. Defendants admit the allegations of paragraph 23 of the second amended complaint.

24. Defendants admit the allegations of paragraph 24 of the second amended complaint.

25. Defendants admit the allegations of paragraph 25 of the second amended complaint.

26. Defendants admit the allegations of paragraph 26 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

27. Defendants admit the allegations of paragraph 27 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

28. Defendants admit the allegations of paragraph 28 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

29. Defendants admit the allegations of paragraph 29 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

30. Defendants admit the allegations of paragraph 30 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 4

Case: 16-42823    Doc# 35-2    Filed: 10/14/16    Entered: 10/14/16 16:18:40    Page 5 of 24

31. Defendants admit the allegations of paragraph 31 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

32. Defendants admit the allegations of paragraph 32 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

33. Defendants admit the allegations of paragraph 33 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

34. Defendants admit the allegations of paragraph 34 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

35. Defendants admit the allegations of paragraph 35 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

36. Defendants admit the allegations of paragraph 36 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

37. Defendants admit the allegations of paragraph 37 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity

except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

38. Defendants admit the allegations of paragraph 38 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

39. Defendants admit the allegations of paragraph 39 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

40. Defendants admit the allegations of paragraph 40 of the second amended complaint except that they deny that the Henderson defendants manage, operate and control the entity except insofar as the entity has the Henderson defendants as managers or managing members of the entity or the general partner of the entity.

41. Answering paragraph 41 of the second amended complaint, defendants admit that defendant GeoDomain Development Ventures, LLC is a limited liability company formed in March 2010 under the laws of the state of Arizona, and with this exception deny each and every allegation contained therein.

42. Defendants have no information or belief sufficient to enable them to answer paragraph 42 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof.

43. Defendants have no information or belief sufficient to enable them to answer paragraph 43 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof.

44. Defendants have no information or belief sufficient to enable them to answer paragraph 44 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof.

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 6

Case: 16-42823    Doc# 35-2    Filed: 10/14/16    Entered: 10/14/16 16:18:40    Page 7 of 24

45. Defendants admit the allegations of paragraph 45 of the second amended complaint.

*46. Check for number of limited partners.*

47. Defendants admit the allegations of paragraph 47 of the second amended complaint.

*48. Check for number of limited partners.*

49. Defendants admit the allegations of paragraph 49 of the second amended complaint.

*50. Check for number of limited partners*

51. Defendants have no information or belief sufficient to enable them to answer paragraph 51 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof.

52. Answering paragraph 52 of the second amended complaint, defendants deny each and every allegation thereof, except that they admit that defendant Henderson is the agent for service of process on the CallSocket entities.

53. Defendants have no information or belief sufficient to enable them to answer paragraph 53 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof.

54. Answering paragraph 54 of the second amended complaint, defendants deny each and every allegation thereof.

55. Answering paragraph 55 of the second amended complaint, defendants deny each and every allegation thereof.

56. Answering paragraph 56 of the second amended complaint, defendants deny each and every allegation thereof, except they admit that defendant Henderson originally owned 100% of SFRC and later gifted certain ownership interest in that entity to his sons, Michael and Matthew Anderson.

57. Defendants admit the allegations of paragraph 57 of the second amended complaint.

58. Answering paragraph 58 of the second amended complaint, defendants deny each and every allegation thereof.

59. Answering paragraph 59 of the second amended complaint, defendants deny each and every allegation thereof.

60. Answering paragraph 60 of the second amended complaint, defendants deny each and every allegation thereof.

61. Answering paragraph 61 of the second amended complaint, defendants deny each and every allegation thereof.

62. Defendants admit the allegations of paragraph 62 of the second amended complaint.

63. Defendants admit the allegations of paragraph 63 of the second amended complaint.

64. Defendants admit the allegations of paragraph 64 of the second amended complaint.

65. Defendants admit the allegations of paragraph 65 of the second amended complaint.

66. Answering paragraph 66 the second amended complaint, defendants admit that plaintiff was first introduced to defendant Henderson in 2010 by Max Schapiro, and with this exception deny each and every allegation contained therein.

67. Answering paragraph 67 of the second amended complaint, defendants admit that at their first meeting defendant Henderson told plaintiff that he had many potential Chinese investors interested in investing in the United States, but deny that he could not come up with a business plan that would meet the jobs creation criteria of the EB-5 program.

68. Defendants admit the allegations of paragraph 68 of the second amended complaint.

69. Defendants admit the allegations of paragraph 69 of the second amended complaint.

70. Answering paragraph 70 of the second amended complaint, defendants admit that all of the CallSocket LLCs had the same business plan and model, and with this exception deny each and every allegation contained therein.

71. Defendants admit the allegations of paragraph 71 of the second amended complaint.

72. Defendants admit the allegations of paragraph 72 of the second amended complaint.

73. *Wait for number of investors. Fees to the three LLCs were never paid.*

74. Defendants admit the allegations of paragraph 74 of the second amended complaint.

75. Answering paragraph 75 of the second amended complaint, defendants deny each and every allegation thereof.

76. Defendants admit the allegations of paragraph 76 of the second amended complaint.

77. Defendants admit the allegations of paragraph 77 of the second amended complaint.

78. Defendants admit the allegations of paragraph 78 of the second amended complaint.

79. Defendants admit the allegations of paragraph 79 of the second amended complaint.

80. Defendants admit the allegations of paragraph 80 of the second amended complaint.

81. Defendants admit the allegations of paragraph 81 of the second amended complaint.

82. Defendants admit the allegations of paragraph 82 of the second amended complaint.

83. Defendants admit the allegations of paragraph 83 of the second amended complaint.

84. Defendants admit the allegations of paragraph 84 of the second amended complaint.

85. Answering paragraph 85 of the second amended complaint, defendants deny each and every allegation thereof.

86. Answering paragraph 86 of the second amended complaint, defendants deny each and every allegation thereof.

87. Answering paragraph 87 of the second amended complaint, defendants deny each and every allegation thereof.

88. Answering paragraph 88 of the second amended complaint, defendants deny each and every allegation thereof.

89. Answering paragraph 89 of the second amended complaint, defendants deny each and every allegation thereof.

90. Answering paragraph 90 of the second amended complaint, defendants deny each and every allegation thereof.

91. Answering paragraph 91 of the second amended complaint, defendants deny each and every allegation thereof.

92. Defendants admit the allegations of paragraph 92 of the second amended complaint.

93. Answering paragraph 93 of the second amended complaint, defendants admit subparagraphs (a), (b), (e), and (f), and with this exception deny each and every allegation contained therein.

94. Defendants admit the allegations of paragraph 94 of the second amended complaint.

95. Defendants have no information or belief sufficient to enable them to answer paragraph 95 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof.

96. Answering paragraph 96 of the second amended complaint, defendants deny each and every allegation thereof.

97. Answering paragraph 97 of the second amended complaint, defendants deny each and every allegation thereof.

98. Answering paragraph 98 of the second amended complaint, defendants deny each and every allegation thereof.

99. Answering paragraph 99 of the second amended complaint, defendants deny each and every allegation thereof.

100. Answering paragraph 100 of the second amended complaint, defendants deny each and every allegation thereof.

101. Answering paragraph 101 of the second amended complaint, defendants deny each and every allegation thereof.

102. Answering paragraph 102 of the second amended complaint, defendants deny each and every allegation thereof.

103. Answering paragraph 103 of the second amended complaint, defendants deny each and every allegation thereof.

104. Answering paragraph 104 of the second amended complaint, defendants deny each and every allegation thereof.

105. Answering paragraph 105 of the second amended complaint, defendants deny each and every allegation thereof.

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 10

Case: 16-42823    Doc# 35-2    Filed: 10/14/16    Entered: 10/14/16 16:18:40    Page 11 of 24

106. Answering paragraph 106 of the second amended complaint, defendants deny each and every allegation thereof.

107. Defendants have no information or belief sufficient to enable them to answer paragraph 107 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof.

108. Answering paragraph 108 of the second amended complaint, defendants deny each and every allegation thereof.

109. Answering paragraph 109 of the second amended complaint, defendants deny each and every allegation thereof.

110. Answering paragraph 110 of the second amended complaint, defendants deny each and every allegation thereof.

111. Answering paragraph 111 of the second amended complaint, defendants admit that CallSocket LP funds were used to finance the purchase of the Tribune Tower and renovate the building, and that the building is held in trust for the CallSocket LP limited partners, and with this exception deny each and every allegation contained therein.

112. Answering paragraph 112 of the second amended complaint, defendants deny each and every allegation thereof.

113. Answering paragraph 113 of the second amended complaint, defendants deny each and every allegation thereof.

114. Defendants admit the allegations of paragraph 114 of the second amended complaint.

115. Answering paragraph 115 of the second amended complaint, defendants deny each and every allegation thereof.

116. Answering paragraph 116 of the second amended complaint, defendants admit that in September 2015 they were sued by another business partner for breach of contract, intentional misrepresentation and money lent, and with this exception deny each and every allegation contained therein.

---

117. Defendants have no information or belief sufficient to enable them to answer paragraph 117 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof.

118. Defendants have no information or belief sufficient to enable them to answer paragraph 118 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof.

119. Answering paragraph 119 of the second amended complaint, defendants deny each and every allegation thereof.

120. Answering paragraph 120 of the second amended complaint, defendants deny each and every allegation thereof.

121. Defendants deny on information and belief each and every allegation of paragraph 121 of the second amended complaint herein.

122. Answering paragraph 122 of the second amended complaint, defendants deny each and every allegation thereof.

123. Defendants hereby refer to paragraphs 1 through 122 of their answer and incorporate them herein.

124. Defendants admit the allegations of paragraph 124 of the second amended complaint.

125. Answering paragraph 125 of the second amended complaint, defendants deny each and every allegation thereof.

126. Answering paragraph 126 of the second amended complaint, defendants deny each and every allegation thereof.

127. Answering paragraph 127 of the second amended complaint, defendants deny each and every allegation thereof.

128. Answering paragraph 128 of the second amended complaint, defendants deny each and every allegation thereof.

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 12

Case: 16-42823   Doc# 35-2   Filed: 10/14/16   Entered: 10/14/16 16:18:40   Page 13 of 24

129.    Defendants hereby refer to paragraphs 1 through 122 of their answer and incorporate them herein.

130.    Answering paragraph 130 of the second amended complaint, defendants deny each and every allegation thereof.

131.    Answering paragraph 131 of the second amended complaint, defendants deny each and every allegation thereof.

132.    Answering paragraph 132 of the second amended complaint, defendants deny each and every allegation thereof.

133.    Answering paragraph 133 of the second amended complaint, defendants deny each and every allegation thereof.

134.    Answering paragraph 134 of the second amended complaint, defendants deny each and every allegation thereof.

135.    Defendants hereby refer to paragraphs 1 through 122 of their answer and incorporate them herein.

136.    Defendants admit the allegations of paragraph 136 of the second amended complaint.

137.    Answering paragraph 137 of the second amended complaint, defendants deny each and every allegation thereof.

138.    Answering paragraph 138 of the second amended complaint, defendants deny each and every allegation thereof.

139.    Answering paragraph 139 of the second amended complaint, defendants deny each and every allegation thereof.

140.    Defendants hereby refer to paragraphs 1 through 122 of their answer and incorporate them herein.

141.    Defendants admit the allegations of paragraph 141 of the second amended complaint.

ANSWER OF DEFENDANTS THOMAS M. HENDERSON. MICHAEL R. HENDERSON. MATTHEW T. HENDERSON. AND SAN FRANCISCO REGIONAL CENTER. LLC TO SECOND AMENDED COMPLAINT - 13

Case: 16-42823    Doc# 35-2    Filed: 10/14/16    Entered: 10/14/16 16:18:40    Page 14 of 24

142. Defendants admit the allegations of paragraph 142 of the second amended complaint.

143. Answering paragraph 143 of the second amended complaint, defendants deny each and every allegation thereof.

144. Answering paragraph 144 of the second amended complaint, defendants deny each and every allegation thereof.

145. Defendants hereby refer to paragraphs 1 through 122 of their answer and incorporate them herein.

146. Defendants admit the allegations of paragraph 146 of the second amended complaint.

147. Answering paragraph 147 of the second amended complaint, defendants deny each and every allegation thereof.

148. Answering paragraph 148 of the second amended complaint, defendants deny each and every allegation thereof.

149. Answering paragraph 149 of the second amended complaint, defendants deny each and every allegation thereof.

150. Defendants hereby refer to paragraphs 1 through 122 of their answer and incorporate them herein.

151. Answering paragraph 151 of the second amended complaint, defendants admit that plaintiff entered into agreements with defendants to form the CallSocket entities, and that these agreements are described in paragraphs 76 through 84 of the second amended complaint, and with this exception deny each and every allegation contained therein.

152. Answering paragraph 152 of the second amended complaint, defendants deny each and every allegation thereof.

153. Defendants admit the allegations of paragraph 153 of the second amended complaint.

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 14

Case: 16-42823    Doc# 35-2    Filed: 10/14/16    Entered: 10/14/16 16:18:40    Page 15 of 24

154. Defendants admit the allegations of paragraph 154 of the second amended complaint.

155. Defendants admit the allegations of paragraph 155 of the second amended complaint except they deny that plaintiff may access and inspect the books and records of the CallSocket LLCs because he is not a member.

156. Answering paragraph 156 of the second amended complaint, defendants deny each and every allegation thereof.

157. Answering paragraph 157 of the second amended complaint, defendants deny each and every allegation thereof.

158. Answering paragraph 158 of the second amended complaint, defendants deny each and every allegation thereof.

159. Answering paragraph 159 of the second amended complaint, defendants deny each and every allegation thereof.

160. Defendants hereby refer to paragraphs 1 through 122 of their answer and incorporate them herein.

161. Defendants admit the allegations of paragraph 161 of the second amended complaint.

162. Defendants admit the allegations of paragraph 162 of the second amended complaint.

163. Answering paragraph 163 of the second amended complaint, defendants deny each and every allegation thereof.

164. Answering paragraph 164 of the second amended complaint, defendants deny each and every allegation thereof.

165. Defendants hereby refer to paragraphs 1 through 122 of their answer and incorporate them herein.

166. Answering paragraph 166 of the second amended complaint, defendants deny each and every allegation thereof.

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 15

Case: 16-42823   Doc# 35-2   Filed: 10/14/16   Entered: 10/14/16 16:18:40   Page 16 of 24

167. Answering paragraph 167 of the second amended complaint, defendants deny each and every allegation thereof.

168. Answering paragraph 168 of the second amended complaint, defendants deny each and every allegation thereof.

169. Answering paragraph 169 of the second amended complaint, defendants deny each and every allegation thereof.

170. Answering paragraph 170 of the second amended complaint, defendants deny each and every allegation thereof.

171. Defendants hereby refer to paragraphs 1 through 122 of their answer and incorporate them herein.

172. Answering paragraph 172 of the second amended complaint, defendants admit that defendants entered into an agreement with plaintiff to form CallSocket, LLC, and with this exception deny each and every allegation contained therein.

173. Answering paragraph 173 of the second amended complaint, defendants deny each and every allegation thereof.

174. Answering paragraph 174 of the second amended complaint, defendants deny each and every allegation thereof.

175. Answering paragraph 175 of the second amended complaint, defendants deny each and every allegation thereof.

176. Defendants hereby refer to paragraphs 1 through 122 of their answer and incorporate them herein.

177. Answering paragraph 177 of the second amended complaint, defendants admit that defendants entered into an agreement with plaintiff to form CallSocket, LLC, and with this exception deny each and every allegation contained therein.

178. Answering paragraph 178 of the second amended complaint, defendants deny each and every allegation thereof.

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 16

Case: 16-42823   Doc# 35-2   Filed: 10/14/16   Entered: 10/14/16 16:18:40   Page 17 of 24

179.    Answering paragraph 179 of the second amended complaint, defendants admit that plaintiff has made multiple demands on them to inspect and copy the books and records of the CallSocket LLCs, and with this exception deny each and every allegation contained therein.

180.    Defendants have no information or belief sufficient to enable them to answer paragraph 180 of the second amended complaint herein, and placing their denial on that ground, deny each and every allegation thereof.

181.    Answering paragraph 181 of the second amended complaint, defendants deny each and every allegation thereof.

182.    Defendants hereby refer to paragraphs 1 through 122 of their answer and incorporate them herein.

183.    Defendants admit the allegations of paragraph 183 of the second amended complaint.

184.    Answering paragraph 184 of the second amended complaint, defendants admit that plaintiff has a statutory right to inspect the books and records of CallSocket, LLC, and with this exception deny each and every allegation contained therein.

185.    Answering paragraph 185 of the second amended complaint, defendants admit that plaintiff has made multiple demands on them to inspect and copy the books and records of the CallSocket LLCs, and with this exception deny each and every allegation contained therein.

186.    Defendants deny on information and belief each and every allegation of paragraph 186 of the second amended complaint herein.

187.    Answering paragraph 187 of the second amended complaint, defendants deny each and every allegation thereof.

188.    Defendants hereby refer to paragraphs 1 through 122 of their answer and incorporate them herein.

189.    Answering paragraph 189 of the second amended complaint, defendants deny each and every allegation thereof.

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 17

Case: 16-42823    Doc# 35-2    Filed: 10/14/16    Entered: 10/14/16 16:18:40    Page 18 of 24

190.     Answering paragraph 190 of the second amended complaint, defendants deny each and every allegation thereof.

191.     Answering paragraph 191 of the second amended complaint, defendants admit that they are in possession and control of the books, assets, accounts and records of the CallSocket entities and property belonging to these entities, and with this exception deny each and every allegation contained therein.

192.     Answering paragraph 192 of the second amended complaint, defendants deny each and every allegation thereof.

193.     Answering paragraph 193 of the second amended complaint, defendants deny each and every allegation thereof.

194.     Answering paragraph 194 of the second amended complaint, defendants deny each and every allegation thereof.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses, each interposed separately as to each purported cause of action of the second amended complaint, these answering defendants allege the following:

### FIRST AFFIRMATIVE DEFENSE

The second amended complaint and each and every cause of action thereof fail to state facts sufficient to constitute a cause of action against these answering defendants.

### SECOND AFFIRMATIVE DEFENSE

The second amended complaint and each and every cause of action thereof are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The second amended complaint and each and every cause of action thereof are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The second amended complaint and each and every cause of action thereof are barred by the doctrine of laches as a result of plaintiffs' unreasonable delay in pursuing this action.

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 18

Case: 16-42823     Doc# 35-2     Filed: 10/14/16     Entered: 10/14/16 16:18:40     Page 19 of 24

## FIFTH AFFIRMATIVE DEFENSE

The second amended complaint and each and every cause of action thereof are barred by the doctrines of waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable, necessary and diligent steps to mitigate and minimize his damages, if any, and thus is completely or partially barred from recovery.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's' damages, if any, were caused by his failure to adequately investigate risks that were known or should have been apparent to him and his failure to use reasonable prudence and diligence under the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to fulfill the conditions, covenants, and promises made in connection with the agreement alleged in the amended complaint and is not entitled to any relief against these answering defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff, by his actions herein, excused any further performance, duties, or obligations of these answering defendants, if any there were.

## TENTH AFFIRMATIVE DEFENSE

The sole proximate cause of any damage to plaintiff, if any there was, was the carelessness and negligence of plaintiff, barring recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

The second mended complaint and each and every purported cause of action therein are barred, in whole or in part, on the ground that if plaintiff was damaged in any manner whatsoever, such damage, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not these answering defendants, and any such intervening or superseding action of said other parties and/or persons or entities bars plaintiff's recovery from these answering defendants.

ANSWER OF DEFENDANTS THOMAS M. HENDERSON. MICHAEL R. HENDERSON. MATTHEW T. HENDERSON. AND SAN FRANCISCO REGIONAL CENTER. LLC TO SECOND AMENDED COMPLAINT - 19

Case: 16-42823    Doc# 35-2    Filed: 10/14/16    Entered: 10/14/16 16:18:40    Page 20 of 24

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing under Code of Civil Procedure §367 to bring this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

The remedy of injunctive relief sought by plaintiff is barred in light of the fact that plaintiff has an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses. Defendants therefore reserve their right to file an amended answer asserting additional defenses in the event that discovery indicates it is appropriate.

WHEREFORE, defendants pray that plaintiff take nothing by way of his second amended complaint, that the amended complaint be dismissed with prejudice and judgment be entered in favor of defendants, that defendants be awarded their costs of suit, including attorney's fees, and for such other and further relief as the court deems just and proper.

Dated: June 5, 2016                     CASALINA & DISSTON

By: Leeds Disston

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 20

Case: 16-42823    Doc# 35-2    Filed: 10/14/16    Entered: 10/14/16 16:18:40    Page 21 of 24

**VERIFICATION**

I, THOMAS M. HENDERSON, am an officer, to wit, a manager of SAN FRANCISCO REGIONAL CENTER, LLC, a limited liability company organized and existing under the laws of the state of California. SAN FRANCISCO REGIONAL CENTER, LLC is a defendant in the above-entitled action and I have been authorized to make this verification on its behalf.

I have read the foregoing ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT, and know the contents thereof. I certify that the same are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 3rd, 2016.

THOMAS M. HENDERSON

ANSWER OF DEFENDANTS THOMAS M. HENDERSON, MICHAEL R. HENDERSON, MATTHEW T. HENDERSON, AND SAN FRANCISCO REGIONAL CENTER, LLC TO SECOND AMENDED COMPLAINT - 21

Case: 16-42823    Doc# 35-2    Filed: 10/14/16    Entered: 10/14/16 16:18:40    Page 22 of 24

1

## PROOF OF SERVICE

2

3

4

I, the undersigned, declare as follows:

5

I am a citizen of the United States, over the age of 18, and not a party to the within action. My
business address is 409 13th Street, 9th Floor, Oakland, California 94612.

6

7

On the date set forth below, I served the following document(s) listed below:

8

Answer of Defendants Thomas M. Henderson, Michael R. Henderson, Matthew T. Henderson
and San Francisco Regional Center, LLC to Second Amended Complaint

9

10

on all interested parties in the following manner:

11

(    )    U. S. MAIL: By placing the sealed envelope for collection and processing for mailing,
following this business's usual practices, with which I am readily familiar. On the same day
correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with
the United States Postal Service.

12

13

( X ) E-MAIL DELIVERY: By sending a true and correct copy thereof by e-mail for delivery
to the parties at e-mail addresses indicated on the service list.

14

15

16

** PLEASE SEE ATTACHED SERVICE LIST **

17

18

19

I declare under penalty of perjury that the foregoing statement is true and correct.

20

Executed at City of Oakland, County of Alameda, California on June __9__, 2016.

21

22

23

24

Catherine Addison

25

26

27

28

PROOF OF SERVICE

# SERVICE LIST

Allan Young v. Thomas M. Henderson, et al.
Alameda County Superior Court
Case No. RF 15-778891

**Attorneys for Plaintiff:**
**Allan Young**
Jonathan K. Levine, Esq.
Elizabeth C. Pritzker, Esq.
Bethany L. Caracuzzo, Esq.
Shiho Yamamoto, Esq.
PRITZKER LEVINE, LLP
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Tele: (415) 692-0772
Fax: (415) 366-6110
E-Mail:
jkl@pritzkerlevine.com
ecp@pritzkerlevine.com
bc@pritzkerlevine.com
sy@pritzkerlevine.com

**Attorneys for Non-Parties:**
**North America 3PL, LLC,**
**Berkeley Healthcare Dynamics, LLC**
James J. Ficenec, Esq.
Matthew S. Covington, Esq.
ARCHER NORRIS
One Embarcadero Center, Suite 360
San Francisco, CA 94111-3735
Tele: (415) 653-1480
Fax: (415) 653-1481
E-Mail:
jficenec@archernorris.com
mcovington@archernorris.com

**Attorney for Defendant:**
**Marvin Tate, CPA**
N. Maxwell Njelita, Esq.
NJELITA LAW OFFICES
436 Fourteenth Street, Suite 1107
Oakland, CA 94612
Tele: (510) 465-7500
Fax: (510) 465-7501
E-Mail:
nmjelita@nmnlaw.com

**Attorneys for Receiver:**
**Susan Uecker**
Gregory S. Nerland, Esq.
AKAWIE & LaPIETRA
1981 N. Broadway, Suite 320
Walnut Creek, CA 94596
Tele: (925) 979-5661
Fax: (925) 947-4348
E-Mail:
gnerland@gmail.com

**Attorney for Receiver:**
**Susan Uecker**
Elizabeth Berke-Dreyfuss, Esq.
WENDEL, ROSEN, BLACK & DEAN, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036
Tele: (510) 834-6600
Fax: (510) 834-1928
E-Mail:
edreyfuss@wendel.com

SERVICE LIST